DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF COLUMBIA

**FILED**

APR – 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Joseph P. Ludvigson )
c/o general delivery )
210 North 3rd Street )
Effingham, Illinois [62401] )
phone 217-347-7404

      Plaintiff,

vs.

UNITED STATES,

      Defendant.

)
)
)
)
)
,
)
)
)
)

Case: 1:07-cv-00652
Assigned To : Collyer, Rosemary M.
Assign. Date : 4/9/2007
Description: Ludvigson v. USA

VERIFIED COMPLAINT FOR DAMAGES UNDER 26 U.S.C. § 7433

## I. INTRODUCTION

1.    This is a suit for the recovery of statutory and punitive damages caused by the intentional

and/or negligent seizure of personal property and records of Joseph P. Ludvigson, hereinafter

"Plaintiff Ludvigson", by Internal Revenue Service agents Tanya Brewer and Elizabeth O'Brien

without a search warrant, in violation of Articles IV, V, and XIV in Amendment to the U.S.

Constitution, 26 U.S.C. §7804 as amended at 112 Stat. 720, and possibly other cites in 26 U.S.C.

## II. JURISDICTION

2.    Jurisdiction for this Court in this action is invoked under Article III of the United States

Constitution and under 26 U.S.C. §7433 of the Internal Revenue Code.   Venue is proper in this

Court under 28 U.S.C. §1391(e)(1), as defendant resides in the District of Columbia.

## III. PARTIES

3.    Plaintiff Joseph P. Ludvigson is a native American and U.S. Army Officer who makes his

camp in the vicinity of Effingham, Illinois and currently receives postal matter at: c/o general

delivery, 210 North 3rd Street, Effingham, Illinois. Plaintiff Ludvigson was making camp at

Carbondale, Illinois during the commission of the above violations. Plaintiff Ludvigson is a

resident of the State of Tennessee and had no outstanding tax liability at the time of the violating

of rights by above agents. Plaintiff Ludvigson has no outstanding tax liability to date.

4.    Tanya Brewer and Elizabeth G. O'Brien are agents of the Internal Revenue Service at the

time of the above violations, presumably acting under the authority of the Secretary of the

Treasury of the United States. United States is named as party pursuant to 26 U.S.C. §7433(a)

and resides in the District of Columbia.

## IV. FACTS

5.    Plaintiff Ludvigson is the victim of the unlawful seizure of personal property and records by

IRS Agents Tanya Brewer and Elizabeth G. O'Brien during a collection/seizure for unpaid taxes

against an acquaintance whose home Plaintiff Ludvigson was visiting on May 6, 2005. See

Exhibit A - Copy of Affidavit of Joseph Ludvigson. IRS Agents Tanya Brewer and Elizabeth G.

O'Brien openly admit to taking Plaintiff Ludvigson's personal property and records unlawfully in

seeking and obtaining a search warrant ten days after they took Plaintiff Ludvigson's property.

This was done seemingly to authorize *ex post facto*, and cover up the Agents' violation of rights

guaranteed to Plaintiff Ludvigson by the U.S. Constitution, which Agents Brewer and O'Brien

presumably have taken an oath to uphold. This action also involves Magistrate Judge Clifford A.

Proud in violating his oath to support Rights guaranteed under the Constitution by issuing a

search warrant after the fact. See Exhibit B - *Ex Post Facto* Search Warrant, and Exhibit C -

Copy of O'Brien Cover Letter.

6.    Plaintiff Ludvigson has exhausted Administrative Remedies in this matter. On December

12, 2005, Plaintiff Ludvigson notified the Treasury Inspector General of these violations, and received no response.  <u>See Exhibit D - Copy of Letter to Treasury Inspector General.</u>  On June 6, 2006, Plaintiff Ludvigson requested AUSA Suzanne Garrison arrange return of the property taken, and received no response.  See <u>Exhibit E - Copy of Letter to AUSA Suzanne Garrison.</u> On February 10, 2007 Plaintiff Ludvigson made a demand for return of the property to Agent Elizabeth G. O'Brien, again receiving no response.  See <u>Exhibit F - Copy of Letter to Elizabeth G. O'Brien.</u>  Finally, also on February 10, 2007 Plaintiff Ludvigson made a demand for return of property to Agent Tanya Brewer.  See <u>Exhibit G - Copy of Letter to Tanya Brewer.</u>  Plaintiff Ludvigson received an evasive and non-responsive email on March 5, 2007 from Tanya Brewer which discussed providing copies of records taken and alleging to have explained something about copies on May 6, 2005, which never took place.  See <u>Exhibit H - Copy of Email from Tanya Brewer.</u>  Because of the behavior of these officials, there is no indication that this will be resolved administratively.  This suit is brought within the 2 year time limit of 26 U.S.C. §7433.

## V.  LEGAL CLAIMS

7.     The United States Constitution is the supreme law of the land.  Article VI clause 2 United States Constitution.

8.     The Internal Revenue Code 26 U.S.C. §7433 provides taxpayers with a cause of action for statutory damages in such cases:

> TITLE 26 > Subtitle F > CHAPTER 76 > Subchapter B > § 7433

> **§ 7433. Civil damages for certain unauthorized collection actions**

> **(a) In general**

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of

negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

(b) **Damages**

In any action brought under subsection (a) or petition filed under subsection (e), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the lesser of $1,000,000 ($100,000, in the case of negligence) or the sum of—

(1) actual, direct economic damages sustained by the plaintiff as a proximate result of the reckless or intentional or negligent actions of the officer or employee, and

(2) the costs of the action.

(c) **Payment authority**

Claims pursuant to this section shall be payable out of funds appropriated under section 1304 of title 31, United States Code.

(d) **Limitations**

(1) **Requirement that administrative remedies be exhausted**

A judgment for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.

(2) **Mitigation of damages**

The amount of damages awarded under subsection (b)(1) shall be reduced by the amount of such damages which could have reasonably been mitigated by the plaintiff.

(3) **Period for bringing action**

Notwithstanding any other provision of law, an action to enforce liability created under this section may be brought without regard to the amount in controversy and may be brought only within 2 years after the date the right of action accrues.

*source:*
*http://www.law.cornell.edu/uscode/html/uscode26/usc_sup_01_26_10_F_20_76.html*

9.    All employees at the Internal Revenue Service have a duty to obey the United States

Constitution, not only by virtue of office, but also pursuant the Internal Revenue Code. The one specific cite in the Internal Revenue Code Plaintiff Ludvigson was able to find which requires Agents of the Internal Revenue Service to obey the Constitution, which the above Agents have violated, in addition to violating their oath of office, is 26 U.S.C. §7804 as amended at 112 Stat. 720 (a)(b) as follows (***pertinent portions bold, underlined, and italicized***):

> TITLE 26 > Subtitle F > CHAPTER 80 > Subchapter A > §7804
> NOTES:
> **Source**
>
> (Aug. 16, 1954, ch. 736, 68A Stat. 916; Pub. L. 94–455, title XIX, § 1906(b)(13)(A), Oct. 4, 1976, 90 Stat. 1834; Pub. L. 105–206, title I, § 1104(a), July 22, 1998, 112 Stat. 710.)
>
> **Amendments**
>
> 1998—Pub. L. 105–206 amended section catchline and text generally, substituting present provisions for provisions which had declared: in subsec. (a), that provisions of Reorganization Plans No. 26 of 1950 and No. 1 of 1952 should apply to all functions vested by this title, or by any act amending this title in any officer, employee, or agency of the Department; and in subsec. (b), that nothing in such Reorganization Plans should be considered to impair existing rights and remedies, that for the purpose of any action to recover tax all statutes, rules, and regulations referring to collector of internal revenue, principal officer for internal revenue district, or Secretary, should be deemed to refer to officer whose acts gave rise to such action, and that venue of any such action should be the same as under existing law.
>
> 1976—Pub. L. 94–455 struck out "or his delegate" after "Secretary".
>
> **Effective Date of 1998 Amendment**
>
> Pub. L. 105–206, title I, § 1104(c), July 22, 1998, 112 Stat. 710, provided that: "The amendments made by this section [amending this section and section 6344 of this title] shall take effect on the date of the enactment of this Act [July 22, 1998]."
> Termination of Employment for Misconduct
>
> Pub. L. 105–206, title I, § 1203, July 22, 1998, 112 Stat. 720, as amended by Pub. L. 108–357, title VIII, § 881(d), Oct. 22, 2004, 118 Stat. 1627, provided that:
>
> "(a) In General.—Subject to subsection (c), the Commissioner of Internal Revenue shall terminate the employment of any employee of the Internal Revenue Service if there is a final administrative or judicial determination that such employee committed any act or

omission described under subsection (b) in the performance of the employee's official duties. Such termination shall be a removal for cause on charges of misconduct.

"(b) Acts or Omissions.—The acts or omissions referred to under subsection (a) are—

"(1) willful failure to obtain the required approval signatures on documents authorizing the seizure of a taxpayer's home, personal belongings, or business assets;

"(2) providing a false statement under oath with respect to a material matter involving a taxpayer or taxpayer representative;

*"(3) with respect to a taxpayer, taxpayer representative, or other employee of the Internal Revenue Service, the violation of—*

*"(A) any right under the Constitution of the United States; or*

"(B) any civil right established under—

"(i) title VI or VII of the Civil Rights Act of 1964 [42 U.S.C. 2000d et seq., 2000e et seq.];

"(ii) title IX of the Education Amendments of 1972 [20 U.S.C. 1681 et seq.];

"(iii) the Age Discrimination in Employment Act of 1967 [29 U.S.C. 621 et seq.];

"(iv) the Age Discrimination Act of 1975 [42 U.S.C. 6101 et seq.];

"(v) section 501 or 504 of the Rehabilitation Act of 1973 [29 U.S.C. 791, 794]; or

"(vi) title I of the Americans with Disabilities Act of 1990 [42 U.S.C. 12111 et seq.];

"(4) falsifying or destroying documents to conceal mistakes made by any employee with respect to a matter involving a taxpayer or taxpayer representative;

"(5) assault or battery on a taxpayer, taxpayer representative, or other employee of the Internal Revenue Service, but only if there is a criminal conviction, or a final judgment by a court in a civil case, with respect to the assault or battery;

"(6) violations of the Internal Revenue Code of 1986, Department of Treasury regulations, or policies of the Internal Revenue Service (including the Internal Revenue Manual) for the purpose of retaliating against, or harassing, a taxpayer, taxpayer representative, or other employee of the Internal Revenue Service;

"(7) willful misuse of the provisions of section 6103 of the Internal Revenue Code of 1986 for the purpose of concealing information from a congressional inquiry;

"(8) willful failure to file any return of tax required under the Internal Revenue Code of 1986 on or before the date prescribed therefore (including any extensions), unless such failure is due to reasonable cause and not to willful neglect;

"(9) willful understatement of Federal tax liability, unless such understatement is due to reasonable cause and not to willful neglect; and

"(10) threatening to audit a taxpayer for the purpose of extracting personal gain or benefit.

*source:  http://www.law.cornell.edu/uscode/html/uscode26/usc_sup_01_26_10_R.html*

## VI.  FIRST CAUSE OF ACTION
### Seizure of Personal Property without a Search Warrant

10.   Paragraph 5 and Exhibit A are incorporated fully in this paragraph.  Plaintiff Ludvigson's

personal property taken without a search warrant as listed in Exhibit A is valued at $2640.00.

## VII.  SECOND CAUSE OF ACTION
### Seizure of Personal Records without a Search Warrant

11.  Paragraph 5 and Exhibit A are incorporated fully in this paragraph.  Plaintiff Ludvigson's

personal records taken without a search warrant constituted evidence for use in a pending divorce

case (since settled) and also was evidence for use in a suit for unpaid wages estimated at

$32,960.00.

## X.  EQUITY

12.    The unlawful taking of Plaintiff Ludvigson's personal property and records has caused, and

will continue to cause, plaintiff substantial mental and emotional distress.  Plaintiff Ludvigson

fears that some made-up conspiracy charge will be brought to cover up these violations.

13.    Plaintiff Ludvigson has no plain, adequate or complete remedy at law to redress the

wrongs described herein.  Plaintiff has been, and will continue to be irreparably injured by the

conduct of the defendant's agents unless the court grants declaratory and injunctive relief which the plaintiff seeks.

## XI. RELIEF

**WHEREFORE,** Plaintiff Ludvigson requests that this court declare that defendant has violated rights guaranteed to Plaintiff Ludvigson and either (A) issue an injunction ordering return of all property and records taken on May 6, 2005, or (B) grant statutory damages of $35,600.00; and in either instance, grant the costs of this action, punitive damages, and such other and further relief to which plaintiff is entitled. Dated this _3_ day of April, 2007.

By: _Joseph P. Ludvigson_
Joseph P. Ludvigson

Exhibits incorporated fully herein by reference:
A - Copy of Affidavit of Joseph P Ludvigson
B - Copy of *Ex Post Facto* Search Warrant
C - Copy of O'Brien Cover Letter
D - Copy of Letter to Treasury Inspector General
E - Copy of Letter to AUSA Suzanne Garrison
F - Copy of Letter to Elizabeth O'Brien
G - Copy of Letter to Tanya Brewer
H - Copy of Evasive Answer from Tanya Brewer

State of Illinois
County of Effingham

Sworn or affirmed and subscribed to before me, a Notary Public in the State of Illinois, this _3rd_ day of January 2007.

_Theresa Morrow_
Notary Public

(seal)

> **OFFICIAL SEAL**
> **THERESA MORROW**
> NOTARY PUBLIC - STATE OF ILLINOIS
> MY COMMISSION EXPIRES:06/21/09

State of ILLINOIS  )
County of Jackson )

## Affidavit of Joseph P. Ludvigson, Victim and Witness of Criminal Acts

I Joseph P. Ludvigson, over 18 years of age, of sound mind and competent to testify hereby declare and solemnly affirm:

1.     I was visiting at the home, which is also our church, of my friend Gary W. Mabrey on Friday May 6, 2005, preparing for Sunday Church meeting when approximately 9 cars pulled into his driveway to conduct a search and seizure of his property.  The license numbers of the cars were:  Illinois numbers 2067525, 2316703, 2419540, 2419297, 3814200, 6281419, and 7236298; Kansas numbers QRK068 and 779NHY.

2.     I immediately went through the back door to see what they wanted and was accosted by an armed agent, one Tanya Brewer, IRS CID badge number 1944, who proceeded to remove my car keys, wallet, money purse, Lexar USB 128 mb thumb drive, and 2.5 inch 40 mb external NSpire hard drive from my pockets.  My car keys were later used to enter my locked car and remove undisclosed items without my permission.

3.     As they proceeded to remove my friend's property, I protested to Tanya Brewer twice that they were not to remove my belongings from the house as they were to be used in my pending divorce case no. 1201 in the Van Buren County Chancery Court in Spencer, Tennessee.  They proceeded to take my property which includes:  one damaged unreadable 40 gb Maxtor external hard drive, HP Pavilion N5420L laptop computer with 10 gb hard drive, Crossline Voyager Desktop Tower with 8 gb hard drive, Linspire 5.0 CD, Mandrake 10.0 CD Set, Windows 98 CD, 2 CDs with backup files, 2 CDs with DNA test results on myself and my son, 2 address books 5.5 in. by 8.5 in. format, checkbook for my USAA bank account with checks number 959-980 with register, and Wood Grain cardboard bankers box containing financial and other records for divorce case.

4.     At no time was I presented with a search warrant.  Elizabeth G. O'Brien, another agent whom I did not see, approximately 10 days later came and taped a search warrant to the back door which was dated May 16, 2005, being ten days after my property was taken.  Further Affiant Sayeth Naught.

Printed Name: *Joseph Peter Ludvigson*

Signature: *Joseph Peter Ludvigson*

State of ILLINOIS  )
County of Jackson )

Signed and sworn (or affirmed) to before me on the ___17th___ day of August 2005 by the above named individual.

(seal)

Signature of Notary Public

"OFFICIAL SEAL"
ROBIN L. TAYLOR
Notary Public, State of Illinois
My Commission Expires: 02/29/08

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

IN THE MATTER OF THE SEARCH OF )
)
AN EXTERNAL HARD DRIVE )
AND A THUMB-DRIVE )      Case No. 05 cM-6072-CJP
IN THE CUSTODY OF THE )
INTERNAL REVENUE SERVICE )      **FILED UNDER SEAL**
)

## SEARCH WARRANT

TO:    Special Agent Elizabeth G. O'Brien and any Authorized Officer of the United States

Affidavit having been made before me by Special Agent Elizabeth G. O'Brien who has

reason to believe that:

on an external hard drive, which is black with white lettering, which measures

approximately 3 ½ inches by 5 ½ inches, and on a thumb drive which is grey and black,

which is attached to a key chain, and which states "Jump Drive Secure," both of which

were seized from the person of Joseph P. Ludvigson on May 6, 2005, while he was at 622

N. Oakland Avenue, Carbondale, Illinois during the execution of a federal search warrant,

which hard drive and thumb drive are in the custody of the Internal Revenue Service in Fairview

Heights, Illinois, within the Southern District of Illinois, and, there is now concealed certain

property, namely

### See attached list entitled Attachment A

I am satisfied that the affidavit establishes probable cause to believe that the property so described

is now concealed on the items above-described and establishes grounds for the issuance of this

warrant.

**Exhibit B   1 of 4**

YOU ARE HEREBY COMMANDED to search on or before _05 - 26 - 05_

_____ (not to exceed 10 days) the place named above for the property specified,

serving this warrant and making the search in the daytime - 6:00 A.M. to 10:00 P.M. and if the

property be found there to seize same, leaving a copy of this warrant and receipt for the property

taken, and prepare a written inventory of the property seized and promptly return this warrant to

Clifford J. Proud, United States Magistrate Judge, as required by law.

   You are authorized to use whatever data analysis techniques appear necessary to locate

and retrieve the computerized evidence listed on Attachment A.  The use of various data analysis

techniques will not be limited by the time period required for the search specified in the

immediately preceding paragraph.

_05 - 16 - 05 @ 14 49 Hrs_ at East St. Louis, Illinois
Date and Time Issued       City and State

CLIFFORD J. PROUD
United States Magistrate Judge

_____
Signature of Judicial Officer

2

**Exhibit B   2 of 4**

## ATTACHMENT A
### LIST OF ITEMS TO BE SEIZED

1.    Accounting records, including financial statements, ledgers, tax related information and summaries and compilations of financial information.

2.    Financial institution records.

3.    Financial instruments, sight drafts, bills of exchange, UCC drafts, money orders, and other means of exchange, and documents referring to same.

4.    Financial and investment records that evidence, mention, refer or relate to any financial transactions, assets, or investments, including financial institution records, brokerage account records, stocks and bonds, real estate, and commodities.

5.    Documents related to income tax laws, other tax laws, the Internal Revenue Service, the Uniform Commercial Code, HJR 192, governmental regulations, and tax avoidance.

6.    Documents relating to the secreting, transfer, and/or concealment of funds and assets.

7.    Phone and/or address books, or any other records/documents containing names, addresses, and/or phone numbers.

8.    IRS forms and related documents, including but not limited to forms 8300, W-9, 1040ES and 1040, 1099 and 1099 OID and 1099 INT.

9.    Correspondence to or from the Internal Revenue Service and other federal, state, or local governmental agencies.

**Exhibit B    3 of 4**

Items seized from:

Joseph P. Ludvigson on May 6, 2005
At 622 N. Oakland Ave., Carbondale, IL. during the execution of a federal search warrant.

| Qty: | Description |
|------|-------------|
| (1) | Thumb-drive which is grey and black which states "Jump Drive Secure". |
| (2) | External Hard Drive which is black with white lettering describing it as external data storage. |

**Exhibit B   4 of 4**

May 17, 2005

Joseph Ludwigson
c/o Gary Madrey,

Please find the attached search warrant concerning the thumbdrive and external harddrive seized of Joseph Ludwigson. These items were seized on May 6, 2005 during the execution of a federal search warrant at 622 N. Oakland, Carbondale, Il.

If you have any questions please don't hesitate to call me at 314-539-3877.

Elizabeth O'Brien
Elizabeth O'Brien
Special Agent
U.S. Treasury Inspector General for Tax Administration

**Exhibit C**

J. Russell George
Treasury Inspector General for Tax Administration
1125 15th Street NW, Room 700A
Washington, DC 20005

12 December 2005

Subject: Fraud, Waste, Abuse, and Misconduct by IRS Officials

Dear Sir:

1. On May 6, 2005 individuals from the IRS office at 13 Executive Drive Suite 4, Fairview Heights, Illinois in conducting a seizure of property at a friend's home also seized my property. These individuals were Elizabeth G. O'Brien, Tanya Brewer, and others under their direction.  Enclosed you will find an affidavit describing the events and  listing the property taken.

2. At the conclusion of their operation, they did not provide me with a receipt of what was taken. Ten days later they came back in my absence and taped a search warrant and letter to my friend's door, together with a purported inventory.  This inventory was flagrantly incomplete and inaccurate. Is it standard procedure during such seizures to take property of bystanders and then get a search warrant later?  Does not the fourth amendment state that a search warrant must be obtained prior to a seizure?  No criminal action has been commenced against me although my property has been in their possession for over 7 months. This is also a violation of the right to speedy trial and depriving me of property without due process.

3. Obviously, such procedures leave opportunities for the individuals conducting seizures to engage in theft, pilferage, loss, conversion, and damage without any accountability. Furthermore, without an accurate inventory, the value of property seized cannot be accurately applied to any tax amount that would be due.

4. I request that you investigate those who conducted the seizure of my property to see if they followed correct procedure.  If they did, the procedures are sorely in need of tightening up.  If they did not follow proper procedure, they are criminally negligent and should be held accountable. I await your reply.

Yours truly,

Joseph P. Ludvigson
c/o 622 N. Oakland Ave.
Carbondale, Illinois (62901)

4 Enclosures: Affidavit of Joseph P. Ludvigson, Copy of Search Warrant Case No. 05-IM-6072-CJP, Copy of Purported Inventory, Elizabeth G. Obrien letter accompanying above

**Exhibit D**

AUSA Suzanne Garrison
9 Executive Drive
Fairview Heights, Illinois 62208

6 June 2006

Subject:  Request for Return of Items taken in IRS Seizure

Dear Ms. Garrison:

As you will see in reading the enclosures listed below, I had several items seized by IRS agents on May 6, 2005.  These items were taken without a search warrant, which was secured 10 days later in violation of the 4th Amendment to the US Constitution.  It has been over a year since the unlawful seizure, which is plenty of time to establish that I have violated no law.  In addition, such evidence is excludable due to having been taken without a search warrant.  No reason exists not to return my property.

You were the point of contact left with my friend regarding this seizure.  Please make arrangements to return my property, or provide me a point of contact who can effect the return.  Please contact me in writing at the below address, or by email at:  josephludvigson@hotmail.com.

                                    Yours truly,

                                    *Joseph Ludvigson*

                                    Joseph Ludvigson
                                    c/o PO Box 155
                                    Carbondale, Illinois 62903

Enclosures:
1 – copy of Affidavit
2 – copy of ex post facto Search Warrant

**Exhibit E**

Elizabeth G. OBrien
13 Executive Drive Suite 4
Fairview Heights, IL 62208

10 February 2007

Subject:  Formal Demand for Return of Items Taken in IRS Seizure

Dear Ms. OBrien:

This is a formal demand for return of my computers, software, records, files, and personal effects taken by you and Tanya Brewer and other unidentified associates on May 6, 2005.  These items were taken without a search warrant and continue to be held by you and your associates without due process of law in violation of the fourth and fifth Amendments to the US Constitution, the Internal Revenue Code, and the Internal Revenue Manual.  Please make arrangements to return my property or provide me a point of contact who can effect the return.  Please contact me in writing at the below address, or by email at:  josephludvigson@hotmail.com.

I have enclosed a copy of the Affidavit I executed regarding the matter for your reference and aid in locating records of the incident.  Your response to this letter is urgently anticipated.  Non-response will be deemed denial of administrative due process and exhaustion of administrative remedies.

Yours truly,

*Joseph Ludvigson*

Joseph Ludvigson
c/o general delivery
Effingham, Illinois 62401

Enclosure:
1 – copy of Affidavit

**Exhibit F**

Tanya Brewer
13 Executive Drive Suite 4
Fairview Heights, IL 62208

10 February 2007

Subject:  Formal Demand for Return of Items Taken in IRS Seizure

Dear Ms. Brewer:

This is a formal demand for return of my computers, software, records, files, and personal effects taken by you and Elizabeth G. Obrien and other unidentified associates on May 6, 2005.  These items were taken without a search warrant and continue to be held by you and your associates without due process of law in violation of the fourth and fifth Amendments to the US Constitution, the Internal Revenue Code, and the Internal Revenue Manual.  Please make arrangements to return my property or provide me a point of contact who can effect the return.  Please contact me in writing at the below address, or by email at:  josephludvigson@hotmail.com.

I have enclosed a copy of the Affidavit I executed regarding the matter for your reference and aid in locating records of the incident.  Your response to this letter is urgently anticipated.  Non-response will be deemed denial of administrative due process and exhaustion of administrative remedies.

Yours truly,

*Joseph Ludvigson*

Joseph Ludvigson
c/o general delivery
Effingham, Illinois 62401

Enclosure:
1 – copy of Affidavit

**Exhibit G**

From : Brewer Tanya T <Tanya.Brewer@ci.irs.gov>
Sent : Monday, March 5, 2007 10:10 AM
To : <josephludvigson@hotmail.com>
Subject : Return of records

Mr. Ludvigson,

I received your letter requesting return of items seized during search
warrant. As we explained to you on May 6, 2005, please let me know what
you need and copies will be returned to you. If you like, we can set up a
time for you to review your records and identify the ones you need copies
of. We are also happy to work with a copy service that you make
arrangements with.

*Tanya T. Brewer*
*Supervisory Special Agent*
*Fairview Heights, Illinois*
*Chicago Field Office*
*618-622-2170*

**Exhibit H**

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| | |
|---|---|
| **I (a) PLAINTIFFS**  Joseph P. Ludvigson | **DEFENDANTS**   United States |
| **(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  B8888  (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____  **(IN U.S. PLAINTIFF CASES ONLY)**  NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE |

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Joseph P. Ludvigson, without representation
c/o General Delivery
Effingham, Illinois     (217-347-7404)

Case: 1:07-cv-00652
Assigned to : Collyer, Rosemary M.
Assign. Date : 4/9/2007
Description: Ludvigson v. USA

ney

530

ACTION

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

| ☐ A. *Antitrust* | ☐ B. *Personal Injury/ Malpractice* | ☐ C. *Administrative Agency Review* | ☐ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane  ☐ 315 Airplane Product Liability  ☐ 320 Assault, Libel & Slander  ☐ 330 Federal Employers Liability  ☐ 340 Marine  ☐ 345 Marine Product Liability  ☐ 350 Motor Vehicle  ☐ 355 Motor Vehicle Product Liability  ☐ 360 Other Personal Injury  ☐ 362 Medical Malpractice  ☐ 365 Product Liability  ☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act  **Social Security:**  ☐ 861 HIA ((1395ff)  ☐ 862 Black Lung (923)  ☐ 863 DIWC/DIWW (405(g)  ☐ 864 SSID Title XVI  ☐ 865 RSI (405(g)  **Other Statutes**  ☐ 891 Agricultural Acts  ☐ 892 Economic Stabilization Act  ☐ 893 Environmental Matters  ☐ 894 Energy Allocation Act  ☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.  *(If Antitrust, then A governs)* |

### ☐ E. *General Civil (Other)* OR ☒ F. *Pro Se General Civil*

| | | | |
|---|---|---|---|
| **Real Property**  ☐ 210 Land Condemnation  ☐ 220 Foreclosure  ☐ 230 Rent, Lease & Ejectment  ☐ 240 Torts to Land  ☐ 245 Tort Product Liability  ☐ 290 All Other Real Property  **Personal Property**  ☐ 370 Other Fraud  ☐ 371 Truth in Lending  ☐ 380 Other Personal Property Damage  ☐ 385 Property Damage Product Liability | **Bankruptcy**  ☐ 422 Appeal 28 USC 158  ☐ 423 Withdrawal 28 USC 157  **Prisoner Petitions**  ☐ 535 Death Penalty  ☐ 540 Mandamus & Other  ☐ 550 Civil Rights  ☐ 555 Prison Condition  **Property Rights**  ☐ 820 Copyrights  ☐ 830 Patent  ☐ 840 Trademark  **Federal Tax Suits**  ☐ 870 Taxes (US plaintiff or defendant  ☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**  ☐ 610 Agriculture  ☐ 620 Other Food &Drug  ☐ 625 Drug Related Seizure of Property 21 USC 881  ☐ 630 Liquor Laws  ☐ 640 RR & Truck  ☐ 650 Airline Regs  ☐ 660 Occupational Safety/Health  ☐ 690 Other  **Other Statutes**  ☐ 400 State Reapportionment  ☐ 430 Banks & Banking  ☐ 450 Commerce/ICC Rates/etc.  ☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations  ☐ 480 Consumer Credit  ☐ 490 Cable/Satellite TV  ☐ 810 Selective Service  ☐ 850 Securities/Commodities/ Exchange  ☐ 875 Customer Challenge 12 USC 3410  ☐ 900 Appeal of fee determination under equal access to Justice  ☐ 950 Constitutionality of State Statutes  ☒ 890 Other Statutory Actions (If not administrative agency review or Privacy Act |

2

| □ G. *Habeas Corpus/ 2255*<br>□ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | □ H. *Employment Discrimination*<br>□ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | □ I. *FOIA/PRIVACY ACT*<br>□ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | □ J. *Student Loan*<br>□ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| □ K. *Labor/ERISA (non-employment)*<br>□ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting & Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | □ L. *Other Civil Rights (non-employment)*<br>□ 441 Voting (if not Voting Rights Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>□ 440 Other Civil Rights<br>□ 445 American w/Disabilities-Employment<br>□ 446 Americans w/Disabilities-Other | □ M. *Contract*<br>□ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment & Enforcement of Judgment<br>□ 153 Recovery of Overpayment of Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ N. *Three-Judge Court*<br>□ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒1 Original Proceeding  □ 2 Removed from State Court  □ 3 Remanded from Appellate Court  □ 4 Reinstated or Reopened  □ 5 Transferred from another district (specify)  □ Multi district Litigation  □ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

26 USC 7433 Civil Damages for certain unauthorized collection actions

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS □ ACTION UNDER F.R.C.P. 23   **DEMAND $**   Check YES only if demanded in complaint **JURY DEMAND:** ☒YES   □ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction) □ YES ☒ NO   If yes, please complete related case form.

DATE 4 April 2007   SIGNATURE OF ATTORNEY OF RECORD _(signature)_
4/9/07   JTC

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.