IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH P. LUDVIGSON, | ) |
| | ) |
| Plaintiff, | ) No. 1:07-cv-00652 (RMC) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

## UNITED STATES' MOTION TO DISMISS

Under Fed. R. Civ. P. 12(b)(1), the United States respectfully requests that the Court dismiss this action. As grounds for this motion, the United States asserts that this Court lacks subject-matter jurisdiction over plaintiff's unauthorized collection claim.

Specifically, to recover under Section 7433 of the Internal Revenue Code, the plaintiff must be the taxpayer subject to the alleged unauthorized collection action. Plaintiff was not the taxpayer in this case. (Compl. ¶ 5.) Instead, an acquaintance of the plaintiff was the taxpayer. (Compl. ¶5.) Plaintiff lacks standing to sue under Section 7433 and this case should be dismissed.

A supporting memorandum of law and proposed order are filed with this motion.

DATED: July 6, 2007

Respectfully submitted,

/s/ Beatriz T. Saiz
BEATRIZ T. SAIZ
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, DC 20044
Phone/Fax: (202) 307-6585/514-6866
Email: Beatriz T.Saiz@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOSEPH P. LUDVIGSON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:07-cv-00652 (RMC) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF UNITED STATES' MOTION TO DISMISS**

The relief plaintiff requests in his complaint is an order for damages for alleged violations of 26 U.S.C. § 7433. The Court can not grant the requested relief.

<u>Plaintiff lacks Standing to Sue Under Section 7433 of the Internal Revenue Code</u>

Plaintiff Ludvigson is suing for unauthorized collection activities conducted by the IRS pursuant to 26 U.S.C. § 7433. Ludvigson's Section 7433 claim, for unauthorized collection activities, relates to the IRS's collection of an acquaintances' tax liability. (Compl. ¶ 5.) Section 7433 does not provide plaintiff with standing to sue the United States or the Internal Revenue Service.

Section 7433(a) provides that "[i]f, in connection with any collection of Federal tax with respect to a *taxpayer*, any officer or employee of the Internal Revenue Service recklessly or intentionally disregards any provision of this title, or any regulation promulgated under this title, such *taxpayer* may bring a civil action for damages against

the United States in a district court of the United States." (Emphasis added.)

The plain language of § 7433 authorizes an action only by the taxpayer whose tax liability the IRS was attempting to collect. Ruiz-Rivera v. Internal Revenue Service, 226 F. Supp.2d 345, 349 (D.P.R. 2002) (dismissing Section 7433 claim for lack of standing), aff'd, 93 Fed. Appx. 244 (1st Cir. 2004); Ferrel v. Brown, 847 F. Supp. 1524, 1528 (W.D. Wash. 1993), aff'd, 40 F.3d 1049 (9th Cir. 1994)(expressly adopting district court opinion affirming dismissal of Section 7433 action brought by third party); Stoneridge Atrium Ltd. Partnership v. United States, 94-1 U.S. Tax Cases (CCH) ¶ 50,124 (N.D. Cal. 1994) (where lien attached to property of plaintiff, whom the United States alleged was the alter ego of the taxpayer whose liabilities were being collected, the court held that § 7433 is limited to actions brought by the direct taxpayer and rejected argument that while plaintiff was not the direct taxpayer it should be deemed a direct taxpayer under § 7433 because the government allegedly treated it as the direct taxpayer); Wittman v. United States, 869 F. Supp. 726, 731 (E.D. Mo. 1994) (current owner of land to which lien attached could not bring Section 7433 action because the "plain language of § 7433 confers standing only on a taxpayer to sue for damages incurred in connection with the collection of his own taxes").

In this case, plaintiff Ludvigson is not the taxpayer. The taxpayer is Ludvigson's acquaintance. (Compl. ¶ 5.) Since Ludvigson is not the taxpayer, he may not maintain an action against the United States pursuant to 26 U.S.C. Section 7433(a). The claim filed by plaintiff, therefore, should be dismissed. See Ruiz-Rivera, 226 F. Supp.2d at 348.

## CONCLUSION

This Court does not have subject-matter jurisdiction over plaintiff's claim for damages because plaintiff lacks standing to sue under Section 7433 . The Court should dismiss this action.

DATED: July 6, 2007

Respectfully submitted,

/s/ Beatriz T. Saiz
BEATRIZ T. SAIZ
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, DC 20044
Phone/Fax: (202) 307-6585/514-6866
Email: Beatriz T.Saiz@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney