# DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Joseph P. Ludvigson,    )   | |
| )  | |
| Plaintiff,    )  | |
| )  | |
| v.    )  | No. 1:07-cv-00652 (RMC) |
| )  | |
| UNITED STATES,    )  | |
| )  | |
| Defendant.    )  | |

## PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff respectfully enters this opposition to Defendant's untimely Motion to Dismiss as follows:

1. Had Plaintiff been aware that cases such as this are routinely dismissed due to the Plaintiff not making plain that Plaintiff was the taxpayer undergoing a collection action, such would have been also been alleged. In this case, Plaintiff was the subject of a collection action that was commenced *concurrent* with that of a friend. Subsequent to said action, an audit was scheduled to determine if the items seized would cover the anticipated deficiency. See attached Exhibit A - Supplemental Affidavit.

2. Even if this was not the situation, Plaintiff has standing to sue under **both** §6304 **and** §7433. The text of the §6304, downloaded from House.gov, is herewith provided with significant portions underlined and emphasized:

```
-CITE-
    26 USC Sec. 6304                                                01/03/05

-EXPCITE-
    TITLE 26 - INTERNAL REVENUE CODE
    Subtitle F - Procedure and Administration
    CHAPTER 64 - COLLECTION
    Subchapter A - General Provisions
```

**RECEIVED**

Case No. 07-0652 (RMC)            JUL 2 7 2007            Page 1 of 3

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

```
-HEAD-
    Sec. 6304. Fair tax collection practices

-STATUTE-
    (a) Communication with the taxpayer
      Without the prior consent of the taxpayer given directly to the
    Secretary or the express permission of a court of competent
    jurisdiction, the Secretary may not communicate with a taxpayer in
    connection with the collection of any unpaid tax -
        (1) at any unusual time or place or a time or place known or
      which should be known to be inconvenient to the taxpayer;
        (2) if the Secretary knows the taxpayer is represented by any
      person authorized to practice before the Internal Revenue Service
      with respect to such unpaid tax and has knowledge of, or can
      readily ascertain, such person's name and address, unless such
      person fails to respond within a reasonable period of time to a
      communication from the Secretary or unless such person consents
      to direct communication with the taxpayer; or
        (3) at the taxpayer's place of employment if the Secretary
      knows or has reason to know that the taxpayer's employer
      prohibits the taxpayer from receiving such communication.

    In the absence of knowledge of circumstances to the contrary, the
    Secretary shall assume that the convenient time for communicating
    with a taxpayer is after 8 a.m. and before 9 p.m., local time at
    the taxpayer's location.
    (b) Prohibition of harassment and abuse
      The Secretary may not engage in any conduct the natural
    consequence of which is to harass, oppress, or abuse any person in
    connection with the collection of any unpaid tax. Without limiting
    the general application of the foregoing, the following conduct is
    a violation of this subsection:
        (1) The use or threat of use of violence or other criminal
      means to harm the physical person, reputation, or property of
      any person.
        (2) The use of obscene or profane language or language the
      natural consequence of which is to abuse the hearer or reader.
        (3) Causing a telephone to ring or engaging any person in
      telephone conversation repeatedly or continuously with intent to
      annoy, abuse, or harass any person at the called number.
        (4) Except as provided under rules similar to the rules in
      section 804 of the Fair Debt Collection Practices Act (15 U.S.C.
      1692b), the placement of telephone calls without meaningful
      disclosure of the caller's identity.
    (c) Civil action for violations of section
        For civil action for violations of this section, see section
            7433
```

3.  As can plainly be seen from §6304 (b) and (c), *any person*, not just the taxpayer against which a collection action is commenced, has standing to sue for relief under §7433. Congress intended with §6304 to give a remedy to anyone who is injured or abused by the IRS by giving

*"any person"* who is so injured or abused standing to sue under §7433. It appears that the cases cited by Defendant not only *do not* apply in this case, as Plaintiff was the subject of a collection action against Plaintiff; but that, had those courts been made aware of the relation of §6304 to §7433, they may have ruled differently. This is understandable, as the IRC is a morass of quicksand, which is somewhat easier to move around in today due to computers, yet still easy to misunderstand. In this case, Plaintiff was subjected to "harass, oppress, or abuse", by "The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person." These agents were armed and threatened Plaintiff with physical harm if Plaintiff did not allow them to rifle Plaintiff's pockets and take items from them, use Plaintiffs keys to remove items from Plaintiff's locked automobile, and threatened physical harm if Plaintiff removed Plaintiff's property from his friend's house.

WHEREFORE Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss for the foregoing reasons. Plaintiff further requests that if this Court is inclined to grant such motion to dismiss in spite of this opposition, that this Court grant 60 days for Plaintiff to submit an amended Complaint naming the three IRS agents and the Magistrate Judge as defendants in a suit for Civil Rights Violations. Dated this 23rd day of July, 2007.

By: _____
Joseph P. Ludvigson
c/o general delivery
Effingham, Illinois 62401
217-347-7404

Exhibit incorporated fully herein by reference:
A - Supplemental Affidavit

DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Joseph P. Ludvigson,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES,<br>    Defendant. | )<br>)<br>)<br>)  No. 1:07-cv-00652 (RMC)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S SUPPLEMENTAL AFFIDAVIT

I, Joseph P. Ludvigson, competent to testify and having personal knowledge hereby declare and solemnly affirm:

1. I was visiting at the home, which is also our church, of my friend Gary W. Mabrey on Friday May 6, 2005, preparing for Sunday Church meeting when approximately 9 cars pulled into his driveway to conduct a search and seizure of his property. The license numbers of the cars were: Illinois numbers 2067525, 2316703, 2419540, 2419297, 3814200, 6281419, and 7236298; Kansas numbers QRK068 and 779NHY.

2. I immediately went through the back door to see what they wanted and was threatened with personal injury by an armed agent, one Tanya Brewer, IRS CID badge number 1944, who proceeded to remove my car keys, wallet, money purse, Lexar USB 128 mb thumb drive, and 2.5 inch 40 mb external NSpire hard drive from my pockets. My car keys were later used to enter my locked car and remove undisclosed items without my permission.

3. As the agents proceeded to remove my friend's property, I protested to Tanya Brewer twice that they were not to remove my belongings from the house as they were to be used in my pending divorce case no. 1201 in the Van Buren County Chancery Court in Spencer, Tennessee. They proceeded to take my property which

includes: one damaged unreadable 40 gb Maxtor external hard drive, HP Pavilion N5420L laptop computer with 10 gb hard drive, Crossline Voyager Desktop Tower with 8 gb hard drive, Linspire 5.0 CD, Mandrake 10.0 CD Set, Windows 98 CD, 2 CDs with backup files, 2 CDs with DNA test results on myself and my son, 2 address books 5.5 in. by 8.5 in. format, checkbook for my USAA bank account with checks number 959-980 with register, and Wood Grain cardboard bankers box containing financial and other records for divorce case.

4.   At no time was I presented with a search warrant or a receipt. Elizabeth G. O'Brien, another agent whom I did not see, approximately 10 days later came and taped a search warrant to the back door which was dated May 16, 2005, being ten days after my property was taken, which is incorporated herein by reference.

5.   This was the commencement of a collection action against Affiant which then resulted in an Audit to determine if the value of the items seized would equal the anticipated deficiency. Further Affiant Sayeth Naught.

By: _____

State of ILLINOIS
County of Effingham

Signed and sworn (or affirmed) to before me on the 23rd day of July 2007 by the above named individual.

(seal)                             _____
                                   Signature of Notary Public

OFFICIAL SEAL
MICHELLE COHORST
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 6-14-2010

Case No. 07-0506 (RMC)        Page 2 of 2                    EXHIBIT A

# DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Joseph P. Ludvigson,             ) | |
| ) | |
| Plaintiff,             ) | |
| ) | |
| v.             ) | No. 1:07-cv-00652 (RMC) |
| ) | |
| UNITED STATES,             ) | |
| ) | |
| Defendant.             ) | |
| ) | |

## ORDER

This matter comes before the Court on Plaintiff Joseph P. Ludvigson's "Plaintiff's Motion in Opposition to Defendant's Motion to Dismiss". The Court finds that:

A. Plaintiff has standing to bring suit under both §6304 and §7433 of the Internal Revenue Code, therefore Defendant's Motion to Dismiss is **DENIED**.

B. Defendant is given an additional ____ days to make a proper answer to the Complaint.

**IT IS SO ORDERED.**
**DATED:** _____, 2007

_____
**Rosemary M. Collier**
**United States District Judge**

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that I have mailed by United States Postal Service, postage prepaid, a copy of the foregoing MOTION IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS to:

>Beatriz T. Saiz
>Trial Attorney, Tax Division
>U.S. Department of Justice
>Post Office Box 227
>Ben Franklin Station
>Washington, D.C. 20044

By:_____
Joseph P. Ludvigson