UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH P. LUDVIGSON, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07-652 (RMC) |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Plaintiff Joseph P. Ludvigson, proceeding *pro se*, is suing the United States under 26 U.S.C. § 7433 ("Section 7433"). He alleges that the Internal Revenue Service ("IRS") conducted an unauthorized collection of his personal property. Before the Court is Defendant's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. Specifically, the United States argues that Section 7433 does not provide Mr. Ludvigson with standing to sue. For the reasons that follow, the Court will grant the motion.

**I. BACKGROUND**

Mr. Ludvigson alleges that on May 6, 2005, he was visiting the home of an acquaintance when IRS agents arrived and seized the acquaintance's personal property to satisfy an outstanding tax liability. Complaint ("Compl.") ¶ 5. In the course of the seizure, two of those agents, Tanya Brewer and Elizabeth G. O'Brien, also collected personal property belonging to Mr. Ludvigson worth $2640. *Id*. ¶¶ 5, 10. Among the items seized were Mr. Ludvigson's external computer hard drive and thumb drive. *Id*. ¶ 5; Compl. Exh. B ("Search Warrant"). The IRS has not returned this property to Mr. Ludvigson, even though he claims that at no time from the date of the

seizure and onward has he had an outstanding tax liability of his own. Compl. ¶ 3. Mr. Ludvigson is therefore seeking both damages and injunctive relief, *i.e.*, the return of his physical property.[1]

## II. LEGAL STANDARDS

### A.   Fed. R. Civ. P. 12(b)(1)

Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938). Because "subject-matter jurisdiction is an 'Art. III as well as a statutory requirement[,] no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003) (quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxite de Guinea*, 456 U.S. 694, 702 (1982)). On a motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999); *Rasul v. Bush*, 215 F. Supp. 2d 55, 61 (D.D.C. 2002) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)). However, *pro se* complaints are held to a less stringent standard than complaints drafted by counsel. See *Dye v. United States*, 2007 U.S. Dist. LEXIS 71449, at *12 (D.D.C. September 27, 2007).

Because subject-matter jurisdiction focuses on the court's power to hear the claim,

---

[1] Section 7433 provides only for damages relief. Requests for return of physical property by the IRS are governed by 26 U.S.C. § 7422. *See Lykens v. United States Gov't*, 2006 U.S. Dist. LEXIS 85426, at *23 n.6 (D.D.C. Nov. 27, 2006) (taxpayer request for replevin of property is synonymous with request for refund, and before proceeding in district court, taxpayer must file an administrative claim for refund with the Secretary of the IRS). The Complaint does not mention Section 7422, nor does it plead facts showing that Mr. Ludvigson has taken the requisite steps to pursue an administrative claim before filing suit. *See infra* Section III.

however, the court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to state a claim. *Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C. Cir. 2003); *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). Moreover, the court is not limited to the allegations contained in the complaint. *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), vacated on other grounds, 482 U.S. 64 (1987). Instead, to determine whether it has jurisdiction over the claim, the court may consider materials outside the pleadings. *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

    **B.**    **26 U.S.C. § 7433(a)**

26 U.S.C. § 7433 is a limited waiver of the United States' sovereign immunity and allows aggrieved taxpayers to sue for unlawful collection practices. It provides that:

> If, in connection with any collection of Federal tax with respect to a *taxpayer*, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, *such taxpayer* may bring a civil action for damages against the United States in a district court of the United States.

26 U.S.C. § 7433(a) (emphasis added). The plain language of the statute authorizes an action only by the taxpayer whose taxes the IRS was attempting to collect. *Ruiz-Rivera v. Internal Revenue Serv.*, 226 F. Supp. 2d 345, 348 (D.P.R. 2002) (dismissing Section 7433 claim for lack of standing); *Ferrel v. Brown*, 847 F. Supp. 1524, 1528 (W.D. Wash. 1993) (holding that Section 7433(a) requires that a plaintiff be "'such taxpayer' from whom the IRS collected the tax; that is, the direct taxpayer, not a third party") (internal citations omitted).

### III. ANALYSIS

The United States focuses on the fact that nowhere in the Complaint does Mr.

Ludvigson allege he was the taxpayer at issue during the IRS collection on May 6, 2005, and argues that he therefore lacks standing. Defendant's Memorandum in Support of Motion to Dismiss at 6. Mr. Ludvigson concedes as much in his opposition memorandum. Plaintiff's Opposition to Motion to Dismiss ("Pl.'s Opp.") at 1 ("Had Plaintiff been aware that cases such as this are routinely dismissed due to the Plaintiff not making plain that Plaintiff was the taxpayer undergoing a collection action, such would have also been alleged."). Mr. Ludvigson attempts to keep his case alive, however, by asserting new facts in that memorandum and requesting that he be allowed to amend his Complaint accordingly. Those facts, aimed at establishing that Mr. Ludvigson is a "taxpayer" for purposes of Section 7433, allegedly are: (1) that he was the subject of a collection action that was commenced concurrent with that of his acquaintance; and (2) subsequent to the seizure of property by the IRS agents, an audit was scheduled to determine if his items would cover the anticipated deficiency. *See* Pl.'s Opp. Supplemental Affidavit ¶ 5.[2]

Assuming *arguendo* such alleged facts would clear the standing hurdle, the Court nonetheless will not permit Mr. Ludvigson to amend the Complaint because it would be futile. Denial of leave to amend based on futility is warranted if the proposed claim would not survive a motion to dismiss. *Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 114 (D.D.C. 2002); *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996); *Willoughby v. Potomac Elec. Power*

---

[2] Mr. Ludvigson also attempts to name additional defendants in his Opposition. *See* Pl.'s Opp. at 3 (requesting leave to "submit an amended complaint naming the three IRS agents and the Magistrate Judge as defendants in a suit for Civil Rights Violations."). A damages remedy is not available against IRS agents for alleged constitutional violations since Congress intended 26 U.S.C. § 7433 to be an exclusive remedy for recovering damages for constitutional violations by IRS agents. *See Barron v. United States*, 998 F. Supp. 117, 121 (D. N.H. 1998). The Magistrate Judge is immune from suit. *See Mireles v. Waco*, 502 U.S. 9 (1991). Thus, there is no validity to Mr. Ludvigson's attempt to name these additional defendants.

*Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996) (affirming the district court's denial of leave to amend given the "little chance" that plaintiff would succeed on his claim).

Dismissal would be warranted even if the Complaint contained the additional facts because there is no evidence that Mr. Ludvigson exhausted his administrative remedies before initiating this suit as required by 26 U.S.C. § 7433(d)(1) ("A judgment for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service."); 26 C.F.R. § 301.7433-1 (laying out the administrative requirements with which an aggrieved taxpayer must comply before filing suit); *see Koerner v. United States*, 471 F. Supp. 2d 125, 127 (D.D.C. 2007) (failure to exhaust remedies is cause for dismissal under Fed. R. Civ. P. 12(b)(6)).  Mr. Ludvigson's written requests to various officials for return of his property, *see* Pl.'s Opp. Exhs. D-H, simply do not suffice.  26 C.F.R. § 301.7433-1(d)-(e).

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant Defendant's Motion to Dismiss.  A separate order will be issued with this Memorandum Opinion.

Date:  November 27, 2007                             /s/
ROSEMARY M. COLLYER
United States District Judge